# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LINDERMAN, | Case No. 1:14-cv-01481-LJO-GSA |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | (ECF No. 1) |
| HEIDI M. LACKNER, | |
| Respondent. | |

Petitioner is a state prisoner represented by counsel in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 22, 2014, Petitioner filed the instant petition for writ of habeas corpus. He raises the following nine grounds for relief in his petition:

1. Trial counsel rendered ineffective assistance by failing to present evidence of Petitioner's good character;

2. Trial counsel rendered ineffective assistance by failing to introduce proof of Petitioner's lack of propensity to engage in professional misconduct;

3. Prosecutor's misconduct deprived Petitioner of due process and a fair trial; trial counsel rendered ineffective assistance by failing to object;

4. Trial court violated Petitioner's rights to due process, a fair trial, a reliable sentence and double jeopardy by improperly imposing the high term and by imposing consecutive, duplicative terms; trial counsel rendered ineffective

1

         assistance by failing to object;

5. Trial court erred by failing to suppress evidence because the illegal search and seizure violated Petitioner's Fourth Amendment rights;

6. Trial court denied Petitioner due process, a fair trial and the right to present a defense by excluding Dr. Streed's expert testimony and excluding Edwards' impeaching photographs;

7. Prosecution failed, beyond a reasonable doubt, to prove the "touching" and "public place" elements of the solicitation convictions;

8. Evidence failed to prove Petitioner solicited a bribe because the requested acts did not involve money or anything of ascertainable value; and

9. Evidence failed to prove that Petitioner committed the crime of oral copulation under color of authority.

(Pet., ECF 1). On June 26, 2013, the California Supreme Court denied Petitioner's petition for review, which raised grounds five (5) through eight (8) of the instant petition.[1] On September 18, 2014, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court which raised grounds one (1) through four (4) of the instant petition. (Pet. 6).

# I.

# DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

---

[1] It appears that Petitioner did not raise ground nine (9) of the instant petition for writ of habeas corpus in his Petition for Review to the California Supreme Court. (Pet. 6).

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (holding that the exhaustion requirement is not satisfied even when the "due process ramifications" of an argument might be "self-evident"); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d at 1241. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the

> State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-988 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or in the decisions of federal courts, even if the federal basis is "self-evidence," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d at 1106-1107; Johnson v. Zenon, 88 F.3d 828, 830-831 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>
> . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

If a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

A petition may be stayed either under Rhines v. Weber, 544 U.S. 269, 276 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). A petitioner may move to withdraw the unexhausted claims and move to hold the petition in abeyance while the unexhausted claims are exhausted in state court. See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002). However, such a request will not be considered by the Court until

the petition contains only exhausted claims and it is clear that the petition is not barred by the statute of limitations. In light of the Antiterrorism and Effective Death Penalty Act of 1996's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.

A petitioner may also move to withdraw the entire petition, and return to federal court only when he has finally exhausted his state court remedies. [2]

Here, Petitioner contends that there are four (4) grounds in the instant petition which are currently pending in a petition for writ for habeas corpus before the California Supreme Court. (Pet. 6). He contends that he previously submitted a Petition for Review to the California Supreme Court as part of his direct appeal. (Pet. 6). Upon a review of the petition, it appears that ground nine (9) of the instant petition has never been raised to the California Supreme Court and grounds one (1) through four (4) of the instant petition are part of the petition for writ of habeas corpus that is presently pending before the California Supreme Court. (Pet.). It is possible, however, that Petitioner has presented ground nine (9) to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether ground nine (9) has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

Therefore, it appears that five (5) of Petitioner's grounds for relief have not yet been adjudicated by the California Supreme Court. Thus, Petitioner has presented a mixed petition. Petitioner has not requested a stay. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22.

///

---

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

///

## II.

## ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits).

IT IS SO ORDERED.

Dated:   **October 1, 2014**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE