# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LINDERMAN,<br><br>    Petitioner,<br><br>    v.<br><br>HEIDI M. LACKNER,<br><br>    Respondent. | Case No. 1:14-cv-01481-LJO-GSA<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PETITIONER'S MOTION TO STAY AND ABEY<br><br>(ECF Nos. 8 and 9) |

Petitioner is a state prisoner represented by counsel in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 22, 2014, Petitioner filed the instant petition for writ of habeas corpus, which raises nine grounds for relief. On October 1, 2014, the Court issued an order to show cause why the petition should not be dismissed for containing unexhausted claims. (ECF No. 8). On October 30, 2014, Petitioner filed a response requesting a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005), and if not, a stay pursuant to Kelly v. Small, 315 F.3d 1063, 1069-71 (9th Cir. 2002).

## I.

## DISCUSSION

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust her state remedies. Rhines v. Weber, 544 U.S. at 277; Calderon v. United

1

States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

In this case, the Court finds good cause to grant the motion for stay. Petitioner states it took time for his family to raise funds and hire habeas counsel to file both his state and federal petitions for habeas corpus. Further, Petitioner states that the unexhausted claims involve ineffective assistance of trial counsel and appellate counsel, which he was unable to raise in prior proceedings. In addition, it appears that Petitioner was acting with due diligence. Petitioner states the California Court of Appeal issued a decision on July 2, 2013, and he subsequently filed a Petition for Review in the California Supreme Court. He then filed the instant federal petition on September 22, 2014. He filed his state petition for writ of habeas corpus in the California Supreme Court to exhaust his state remedies on September 18, 2014. Based on the alleged date of the California Supreme Court's denial, Petitioner appears to be within the statute of limitations. Accordingly, it appears that Petitioner has not intentionally or unduly delayed.

Good cause having been shown, the Court will grant a stay pursuant to the proceedings so Petitioner can complete exhaustion of the additional claims. See Rhines, 544 U.S. at 277.

However, the Court will not indefinitely hold the petition in abeyance. Id. Petitioner must diligently pursue his state court remedies. He is directed to file a status report within thirty (30) days of the date of service of this Order, and he must file a status report every ninety (90) days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion to lift the stay. Failure to comply with these instructions and time allowances will result in this Court vacating the stay nunc pro tunc to the date of this order, and dismissal of the unexhausted claims. Rhines, 544 U.S. at 278.

///

# II.
# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) Order to Show Cause issued on October 1, 2014, is DISCHARGED;

2) Petitioner's motion for a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), is GRANTED; and

3) Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this ORDER, and then every ninety (90) days thereafter.  Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay.

IT IS SO ORDERED.

Dated:   **November 5, 2014**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE